# KING & SPALDING

1185 Avenue of the Americas
New York, New York  10036-4003
Fax:  212/556-2222
www.kslaw.com

Wendy Huang Waszmer
Direct Dial: 212/556-2124

WWaszmer@kslaw.com

September 16, 2015

VIA ECF

The Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

   Re: *Retrophin v. Martin Shkreli,* 15 Civ. 6451 (NRB)

Dear Judge Buchwald:

  We write on behalf of defendant Martin Shkreli respectfully to seek a pre-motion conference regarding the above-referenced case.  While Mr. Shkreli is prepared to present a vigorous defense to plaintiff Retrophin's claims at the appropriate time, in the interest of efficiency and to avoid potentially duplicative litigation of the same claims in two proceedings, Mr. Shkreli intends to file a motion to stay this action pending the determination by a JAMS arbitrator of the scope of claims that are properly arbitrated in that proceeding.  We also seek an extension of time to file Mr. Shkreli's response to plaintiff's Complaint until 30 days following the arbitrator's determination on the arbitrability of claims.

  The brief history of the current action and the JAMS arbitration is as follows:

- Plaintiff Retrophin, the company that Mr. Shkreli founded and his former employer, filed the current action alleging breach of fiduciary duty and unjust enrichment claims on August 17, 2015.

- Mr. Shkreli's employment agreement contains an express arbitration clause, and on August 19, 2015, he initiated a JAMS arbitration relating to breaches of his employment agreement by plaintiff.

- On August 28, 2015, plaintiff advised this Court via letter that it had "responded to Mr. Shkreli's arbitration demand by bringing its federal court complaint as counterclaims to Mr. Shkreli's demand."  The entirety of the claims here have therefore been presented in the JAMS proceeding.

The Honorable Naomi Reice Buchwald
September 16, 2015
Page 2

- On September 10, 2015, the parties received from JAMS a list of potential arbitrators and the parties' response to the list is due to JAMS on September 17, 2015. No procedural order has yet been entered.

Counsel for the parties have consulted regarding the scope of claims in the JAMS arbitration and have not reached an agreement regarding which claims should be resolved in that matter. Mr. Shkreli believes that his breach of contract and other claims regarding compensation owed to him under his employment agreement should be arbitrated, but intends to raise objections to Retrophin's pursuit of the claims alleged in this case in the arbitration.

***Motion for a Stay Pending the Arbitrator's Determination of Arbitrability***

As plaintiff's claims have been presented in the JAMS proceeding, a stay of this case pending the arbitrator's determination on arbitrability of claims is warranted. The Second Circuit has held that Section 3 of the Federal Arbitration Act ("FAA") "plainly requires that a district court stay litigation where issues presented in the litigation are the subject of an arbitration agreement." *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 984 (2d Cir. 1996). Section 3 is mandatory: a federal court must stay the litigation where the issues before it are arbitrable under the relevant agreement. *See Genesco, Inc. v. T. Kakiuchi & Co*, 815 F.2d 840, 844 (2d Cir. 1987).

A stay is warranted even where the parties disagree, as they do here, so that an arbitrator can determine the scope of what is arbitrable in the parallel proceeding. *See, e.g., Pick Quick Food, Inc. v. United Food and Commercial Workers Local 342*, 952 F. Supp. 2d 494, 506 (E.D.N.Y. 2013) (granting stay and referring to the arbitrator the issue of arbitrability of claims where parties disagreed about whether plaintiff was exempted from arbitration under a collective bargaining agreement). The parties intended for the arbitrator once appointed to determine issues of arbitrability here. The arbitration provision of Mr. Shkreli's employment agreement incorporates JAMS Streamlined Rules, which delegate the issues of arbitrability to the arbitrator:

> Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

JAMS Rules, Rule 8(b). In the same circumstances, the Second Circuit has held that the arbitrator should determine arbitrability in the first instance. *See, e.g., Shaw Group, Inc., et al. v. Triplefine Int'l Corp.*, 322 F.3d 115, 118 (2d Cir. 2003) (holding that arbitrability of defendant's claim was a "question for the arbitrator rather than the court" because the arbitration agreement referred disputes to the International Chamber of Commerce ("ICC"), and ICC's rules provided for the International Court of Arbitration ("ICA") to resolve disputes about its own jurisdiction); *Emilio v. Sprint Spectrum L.P.*, 508 Fed. Appx. 3, 5 (2d Cir. 2013) (holding that Rule 8(c) of the 2003 JAMS Streamlined Arbitration Rules & Procedures, which is virtually identical to Rule

8(b) of the 2014 JAMS Streamlined Rules, constitutes a clear and unmistakable delegation to the arbitrator of the question of arbitrability).

Moreover, in addition to the FAA's requirement, the Court may stay a case pending arbitration under its inherent power to manage its docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Alghanim v. Alghanim*, 828 F. Supp. 2d 636, 664-65 (S.D.N.Y. 2011) (granting stay as a discretionary matter of claims that were not arbitrable because the parties were not signatories to the arbitration agreement); *Maritima de Ecologia, S.A. de C.V. v. Sealion Shipping Ltd.*, 2011 WL 1465744, at *5 (S.D.N.Y. Apr. 15, 2011) (granting stay even though arbitration was not "controlling" of the court action, and considering the following factors: risk of inconsistent results, judicial economy, and whether the arbitration may determine issues involved in the case). To proceed with briefing on the merits and/or discovery in this case prior to the arbitrator's decision on arbitrability will certainly result in duplicative litigation and a potential for inconsistent rulings on the very same facts and legal arguments.

### Other Grounds – Dismissal or Stay of the Complaint

Pending an arbitrator's determination on the question of arbitrability, a party should not be required to file an Answer to the Complaint in the present litigation. *See Kolacek v. Gemexco Trading, Inc.*, 1991 WL 2857, at *4 (S.D.N.Y. Jan. 10, 1991) (granting stay and finding no need for defendant to file an answer to the complaint, where an agreement to arbitrate existed and at least one of the issues in the suit was within the scope of the arbitration agreement). However, should the Court determine that Mr. Shkreli should present any dispositive motions at the time he seeks a stay pending a determination of arbitrability, he is prepared to file an omnibus motion seeking dismissal pursuant to Rule 9(b) of the Federal Rules of Procedure and seeking a stay on other grounds.

Pursuant to the Court's Individual Practices, we understand that Mr. Shkreli's time to respond to the Complaint is stayed pending the scheduling of a pre-motion conference with the Court. Counsel for Mr. Shkreli are currently available for a conference on September 22 or 24. We thank the Court for its consideration of this matter.

Respectfully submitted,

Wendy Huang Waszmer
Richard T. Marooney

Elissa J. Preheim
Arnold & Porter LLP

The Honorable Naomi Reice Buchwald
September 16, 2015
Page 4

Cc:  (Via ECF and E-mail)

Counsel for Plaintiff Retrophin
Celia Goldwag Barenholtz
Ian Shapiro
Cooley LLP