UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
RETROPHIN, INC.,

        Plaintiff,

  - against -

MARTIN SHKRELI,

        Defendant.
------------------------------X

**O R D E R**

15 Civ. 6451 (NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    At 9:13 P.M. on Friday, June 29, 2018, literally on the evening before his papers on arbitrability were due to be filed with JAMS pursuant to the order of the arbitrators,[1] defendant Martin Shkreli ("Shkreli") filed two motions in this Court. The first was styled "Emergency Motion to Lift Stay" and the second, "Emergency Motion for a Temporary Restraining Order and Preliminary Injunction to Enjoin Arbitration Proceedings on Retrophin, Inc.'s Claims and to Compel Litigation." ECF Nos. 26, 28.

    Astonishingly and unprofessionally, Shkreli's motions omit the fact that this Court stayed this case pending arbitration at Shkreli's own request made by letter, dated September 16, 2015 and granted by the Court on September 21, 2015, after Retrophin, Inc. ("Retrophin") did not oppose the stay in a letter, dated September

---

[1] Pursuant to the arbitrators' order of May 1, 2018, Shkreli's papers were originally due May 31, 2018. After Shkreli retained new counsel, the arbitrators extended the deadline until June 30, 2018. See Letter from Ian Shapiro, Cooley LLP, to Hon. Naomi Reice Buchwald, United States District Court, Southern District of New York at 2 (June 8, 2018).

18, 2015.  See ECF Nos. 12-14.  Equally significant to the fact that it was Shkreli who sought the stay is the fact that in the same letter Shkreli stated:

> Counsel for the parties have consulted regarding the scope of claims in the JAMS arbitration and have not reached an agreement regarding which claims should be resolved in that matter.  Mr. Shkreli believes that his breach of contract and other claims regarding compensation owed to him under his employment agreement should be arbitrated, but intends to raise objections to Retrophin's pursuit of the claims alleged in this case in arbitration.

ECF No. 12 at 2.  Shkreli then continued to recite case law in support of the proposition that "the arbitrator should determine arbitrability in the first instance."  Id.

The position that Shkreli took earlier in this case wholly undermines his request almost three years later for emergency relief and his claims of irreparable harm.  Indeed, along with not acknowledging that it was Shkreli himself who sought the stay, Shkreli's papers do not even attempt to distinguish the position he earlier asserted.

Accordingly, the two emergency motions are denied.


Dated:    New York, New York
          July 2, 2018

                                         /s/ Naomi Reice Buchwald
                                         NAOMI REICE BUCHWALD
                                         UNITED STATES DISTRICT JUDGE